**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Club Vista Financial Services, LLC, a Nevada limited liability company; Club Vista Holdings, Inc., a Nevada limited liability company,<br><br>        Plaintiffs,<br><br>vs.<br><br>Maslon Edelman Borman & Brand, LLP, a Minnesota limited liability partnership,<br><br>        Defendant. | No. CV 10-0412-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, or in the Alternative, to Transfer Venue filed by Defendant Maslon, Edelman, Borman & Brand, LLP ("Maslon"). (Dkt. #13.) For the reasons set forth below, the Court denies the Motion.[1]

**BACKGROUND**

In 2006 and 2007, Plaintiffs Club Vista Financial Services LLC and Club Vista Holdings, Incorporated (collectively "Club Vista" or "Plaintiffs") retained legal services from

---

[1] The parties' requests for oral argument are denied because oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

Maslon. Specifically, the Maslon law firm was hired by Plaintiffs, or Plaintiff's agent,[2] to prepare documents and advise them on a loan transaction related to the development of commercial properties in Maricopa County, Arizona. The loan was secured by Arizona real estate, and guaranteed by Arizona residents. In preparing the documentation, including personal guaranties to be signed by four Arizona guarantors, Maslon allegedly disregarded Arizona Revised Statute § 25-124, which requires personal guaranties to be co-signed by the guarantors' spouses. Under Arizona law, guaranties that are not signed by the guarantor's spouse cannot be satisfied the with assets of the marital community. Shortly after the guaranties were signed and the loans were funded, the project went into default. Club Vista has since foreclosed on the properties and filed a deficiency action against the guarantors, but because the loan documents were not signed by each of the guarantors, Club Vista was unable to recover from the guarantors' marital communities.

On January 29, 2010, Plaintiffs brought this action alleging that Maslon committed legal malpractice because the law firm failed to get the signature of the guarantors' spouses. Maslon now moves to dismiss the case for lack of personal jurisdiction and venue, or in the alternative to transfer venue.[3]

/ / /

/ / /

---

[2] Maslon claims that it represented Scott Financial Corporation ("SFC") and not Club Vista. Club Vista alleges that it was represented by Maslon. For purpose of resolving the present motion, Maslon does not seek dismissal on the assertion that it did not represent Plaintiffs.

[3] Maslon also to moves to dismiss based on Arizona Revised Statute § 12-2602. This Statute specifies that if a claim against a licensed professional is asserted in a civil action, the claimant shall certify whether or not expert testimony is necessary to prove the standard of care. If expert testimony is necessary, the claimant shall serve a preliminary expert opinion affidavit with the initial disclosures that are required by Arizona Rules of Civil Procedure 26.1. Following Arizona law as closely as possible under the circumstances, the disclosure is not due until forty days after Maslon files its Answer. Given that Maslon has not yet filed an answer, §12-2602(B) is not a basis for dismissing the case.

**LEGAL STANDARD**

When the parties dispute whether personal jurisdiction over a foreign defendant is proper, "the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Props. Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002). This is so even though the defendant is the moving party on a 12(b)(2) motion to dismiss. *Id.* In the absence of an evidentiary hearing, however, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009). In considering the motion, a court may "assume the truth of allegations in a pleading" to the extent that such allegations are not "contradicted by affidavit." *See Data Disc, Inc. v. Sys. Tech. Assoc.*, 557 F.2d 1280, 1284 (1977) (citing *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967)); *see also Rio Props.*, 284 F.3d at 1019 (observing that only "uncontroverted allegations in [the] complaint must be taken as true"). Where there are "conflicts between the facts contained in the parties' affidavits," depositions, and other discovery materials, those conflicts "must be resolved in [the] plaintiff's favor." *Am. Tel. & Tel. Co. v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986) (internal quotations omitted). In cases where a plaintiff survives the motion to dismiss under a prima facie burden of proof, the plaintiff still must prove the jurisdictional facts by a preponderance of the evidence at a preliminary hearing or at trial. *Data Disc*, 557 F.2d at 1285 n. 2.

To establish that personal jurisdiction over Maslon is proper, Plaintiffs must demonstrate that (1) Arizona's long arm statute confers jurisdiction over Maslon; and (2) that "the exercise of jurisdiction comports with the constitutional principles of Due Process." *See Rio Props.*, 284 F.3d at 1019 (citation omitted). Because Arizona's long-arm statute extends jurisdiction "to the maximum extent permitted by the . . . Constitution of the United States," the Court's personal jurisdiction inquiry largely collapses into an analysis of due process. *See* Ariz. R. Civ. P. 4.2(a); *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989); *Williams v. Lakeview Co.*, 199 Ariz. 1, 5, 13 P.3d 280, 282 (2000).

**DISCUSSION**

**I. The Court Has Personal Jurisdiction Over Maslon.**

Under the Due Process Clause, a defendant must have sufficient "minimum contacts" with the forum state so that subjecting the defendant to its jurisdiction will not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Under this standard, "the defendant's conduct and connection with the forum State [must be] such that he [or she] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In accord with the Due Process Clause, the "minimum contacts" standard may be satisfied in two ways. First, a court may exercise general jurisdiction when the defendant's contacts with the forum state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Second, a court may exercise specific jurisdiction if a defendant "has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, (1985) (internal quotation omitted). "In addition to establishing the requisite contacts, the assertion of jurisdiction must be found reasonable." *In re Phenylpropanolamine Prods. Liab. Litig.*, 344 F. Supp.2d 686, 690 (W.D. Wash. 2003).

**A. General Jurisdiction**

The Court does not have general jurisdiction over Maslon because the firm lacks continuous and systematic contacts with the State of Arizona. To establish general jurisdiction, plaintiffs bear the burden of proving that the defendant's contacts with the forum state are sufficiently "substantial or continuous or systematic" so that the defendant could be sued in the forum for any reason, even one unrelated to the defendant's contacts with the state. *Helicopteros,* 466 U.S. at 414. "The level of contacts required to show general jurisdiction is quite high." *Williams,* 199 Ariz. At 3 ¶ 6, 13 P.3d at 282. General jurisdiction "requires that the defendant's contacts be the sort that approximate physical presence."

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1331 (9th Cir. 1984)).

Maslon's office is located in Minneapolis, Minnesota, and none of its partners live or practice law in the State of Arizona. Penny R. Heaberlin, the attorney who provided services to Plaintiffs, has practiced at Maslon's Minnesota office since 1994. Neither she nor any other Maslon partner owns or leases any real estate, personal property, or holds any banking or brokerage accounts in Arizona. Neither Ms. Heaberlin nor any other Maslon partner has an Arizona driver's license.

Plaintiffs allege that the Maslon firm has provided legal representation to the plaintiffs and their related business entities in at least nine separate Arizona transactions, including the three transactions that are the subject of this lawsuit. Plaintiffs also allege that Maslon made many contacts with the borrowers and their counsel in the state of Arizona before, during, and after the closing of the loan transactions at issue here. These contacts, however, are not sufficiently continuous and substantial to give rise to general jurisdiction in Arizona.

### B. Specific Jurisdiction

A court may exercise specific jurisdiction over a defendant when the cause of action arises directly from the defendant's contacts with the forum state. *See Sher v. Johnson*, 911 F.2d 1357, 1361 (1990). The Ninth Circuit employs a three-part test to determine whether the defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. . . . If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* at 802. "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs,

1 the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007), (citing *Schwarzenegger* 374 F.3d at 802)**.**

### 1.     **Purposeful Availment**

In the context of cases that sound primarily in tort, the first prong of the test is satisfied where the only contact a non-resident defendant had with the forum state was "the 'purposeful direction' of a *foreign* act having *effect* in the forum state." *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986), (citing *Calder v. Jones*, 465 U.S. 783, 789 (1984)). This "'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002).

Maslon purposefully structured a business loan between Club Vista and third parties for the acquisition of real property in Arizona. That loan was to be guaranteed by the principles of the debtors, who are Arizona residents. According to Plaintiffs, Maslon made several contacts with the guarantors of that loan and their counsel in the state of Arizona before, during, and after the closing of the real estate transactions. More importantly, Maslon prepared guarantees to be signed by the guarantors. These guarantees were intended to bind the guarantors and allow Plaintiffs to recover against the guarantors' assets in case the debtors defaulted on the loan.

By drafting guarantees that purported to bind Arizona residents, Maslon committed an intentional act expressly aimed at Arizona. Because the guarantees are allegedly ineffective, Plaintiffs in this case are damaged due to the lack of Defendant's compliance with the mandates of Arizona law. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1207 (9th Cir. 2006) (holding that purposeful availment "may be established even if 'the bulk of the harm' occurs outside of the forum"); *Brayton,* 575 F.3d at 988 (finding that purposeful availment "is satisfied when the defendant's intentional act has 'foreseeable effects' in the forum").

1 A recent decision from the District of Columbia illustrates this point. *See Arm. Genocide Museum and Mem'l, Inc. v. Cafesjian Family Found., Inc.*, 607 F.Supp 2d 185, 187 (D. DC. 2009). In that case, as in this one, a defendant who provided legal advice regarding a real estate transaction moved to dismiss for lack of personal jurisdiction. The court held,

> The Court has little difficulty concluding that an attorney who represents a client in connection with the acquisition of real property in the district of Columbia can reasonably be expected to face a breach of fiduciary duty claim in the District of Columbia where the claim involves the same properties that were the focus of the representation.

*Id*. at 189.

### 2. Forum-Related Contact

Under the second prong of the personal jurisdiction analysis, the plaintiff's claim must be one which arises out of or relates to the defendant's forum-related activities. In determining whether Club Vista's claims arise out of Maslon's forum-related conduct, "the Ninth Circuit follows [a] 'but for' test." *Myers v. Bennett Law Offices,* 238 F.3d 1068, 1075 (9th Cir. 2001). The "arising out of" requirement is met if, but for the contacts between the defendant and the forum state, the cause of action would not have arisen. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). In *Shute v. Carnival Cruise Lines*, the Ninth Circuit reasoned that:

> The 'but for' test is consistent with the basic function of the 'arising out of' requirement—it preserves the essential distinction between general and specific jurisdiction. Under this test, a defendant cannot be haled into court for activities unrelated to the cause of action in the absence of a showing of substantial and continuous contacts sufficient to establish general jurisdiction. . . . The 'but for' test preserves the requirement that there be some nexus between the cause of action and the defendant's activities in the forum.

897 F.2d 377, 385 (9th Cir. 1990), *overruled on other grounds*, 499 U.S. 585 (1991).

The "but for" test is in this case is met. Assuming the truth of Club Vista's allegations, Plaintiffs were injured by Maslon's inability to properly advise and draft documents in connection with the real estate transactions in the Phoenix area. But for Maslon's negligence in applying the Arizona statute, it appears that Club Vista would be able to recover from the guarantors.

///

### 3. Reasonableness

Maslon fails to carry its burden of showing that jurisdiction is unreasonable. *See Yahoo! Inc.,* 433 F.3d at 1210. The Court looks to the following seven factors when making this determination:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Menken,* 503 F.3d at 1060 (citation omitted).

Maslon purposely represented clients in Arizona transactions. And while Maslon's burden of litigating in Arizona maybe somewhat substantial, it may not be appreciably greater than Club Vista's burden. Similarly, Arizona has an interest in exercising jurisdiction over those who purport to provide legal services to clients that need advice concerning Arizona law. And while only some of the witnesses are located in Arizona, and there is another available forum, "the mere existence of an alternative forum cannot possibly satisfy [Maslon's] burden to present a compelling case that jurisdiction is unreasonable." *Myers v. Bennet Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001) (citing *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1322 (9th Cir. 1998)). The Court, therefore, finds that the factors as a whole weigh in favor of reasonableness.

## II. Venue is Proper in Arizona.

An action in federal court on diversity jurisdiction may be brought in any venue that meets the criteria of 28 U.S.C. § 1391(a). That Statute provides:

> A civil action wherein jurisdiction is founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(a)

The first and third provisions are not available in this case because Maslon does not reside in Arizona and because there is at least one other district—the District of Minnesota–in which this action could be brought. Similarly, because property is not at issue in this case, the second prong of the second provision does not apply. Nevertheless, pursuant to §1391(a)(2), venue is proper in Arizona because a substantial part of the events or omissions giving rise to the claim occurred in Arizona. To determine substantiality, the Court looks to "the entire sequence of events underlying the claim[s] and focus[es] on the defendant's (rather than the plaintiff's) actions." *Lee v. Corr. Corp. of Am.*, 525 F.Supp.2d 1238, 1241 (D. Haw. 2007) (citing *Uffner v. LaReunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)). "[F]or venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 357 (2d Cir. 2005).

According to Maslon, the alleged legal malpractice occurred in Minnesota and this is where venue should lie. Under the specific facts of this case, however, the place "where allegedly negligent attorneys performed their legal work structuring a transaction" (i.e., Minnesota) "ha[s] little relationship to" the location of the "alleged legal malpractice." *See Jacobsen v. Oliver,* 201 F. Supp.2d 93, 99 (D. D.C. 2002) (citing *David B. Lilly Co. v. Fisher,* 18 F.3d 1112, 1120 (3d Cir. 1994)).[4] The Court must also look to the purpose of the relationship between the law firm and the client. Here, the parties purpose was to consummate a real estate loan in Arizona that was purportedly guaranteed by Arizona residents. The documents pertained to Arizona law, were purportedly inadequately signed by Arizona guarantors, had to do with real estate in Arizona, and were recorded in the Arizona recorder's office. Venue therefore is proper in Arizona.

/ / /

/ / /

---

[4]The *Jacobson* and *Fisher* courts articulated this language in the context of a dispute regarding choice of law, rather than venue. *See* 201 F. Supp.2d at 99; 18 F.3d at 1120. Nonetheless, the Court finds that rationale appropriate for determining venue in this case.

**III.     The First Filed Rule Does Not Apply.**

Under the "first to file rule," a district court has the discretion to transfer, stay, or dismiss an action in the interests of efficiency and judicial economy if the case involves the same parties and issues as an earlier filed action in a different district. *See Cedars-Sinai Med. Ctr. v. Shalala,* 125 F.3d 765, 768 (9th Cir. 1997). "[W]hile no precise rule has evolved, the general principle is to avoid duplicative litigation . . . and to promote judicial efficiency." *Barapind v. Reno,* 225 F.3d 1100, 1109 (9th Cir. 2000) (citations and quotation marks omitted) (alteration in original). The rule is "designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army,* 611 F.2d 738, 750 (9th Cir. 1979) (citation omitted). In addition, the rule "should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 625 (9th Cir. 1991) (citations and quotation marks omitted).

While no precise rule exists, courts generally look to three factors to determine whether the first to file rule applies: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See Z-Line Designs, Inc. v. Bell'O Int'l LLC,* 218 F.R.D. 663, 655 (N.D. Cal. 2003). In addressing these factors, the parties and the issues need not be identical. *See, e.g., Biotronik, Inc. V. Guidant Sales Corp.,* 2009 WL 1838322 at *2 (D. Or. June 22, 2009) ("The parties and issues need not be exactly identical; there may be additional parties and the issues need only be 'substantially similar.'") (quoting *Barapind v. Reno,* 225 F.3d 1100, 1109 (9th Cir. 2000) (issues need not be identical)); *Gen. Prods. Mach. Shop, Inc. v. Systematic Inc.*, 2006 WL 2051737, at *1 (D. Idaho July 20, 2006) ("The parties in the two actions need not be identical for the purposes of the first-to-file rule, but there must be similarity or substantial overlap.").

Maslon invokes the first to file rule in this case because a related action, *Bank of Oklahoma, N.A. v. Scott Financial Corporation, et al.* No. 1:09-CV-00030, is pending in the District of North Dakota. Maslon, however, does not establish that the elements of the first to file rule are met. A review of the North Dakota action suggests that the parties and the

issues in this case are not substantially similar. The North Dakota action pertains to Maslon's alleged malpractice with respect to real estate transactions in Nevada. The instant case pertains to malpractice involving Arizona real estate and guarantees. The North Dakota lawsuit involves several additional parties that are not present in the instant litigation. Most importantly, while Club Vista Financial Services and Maslon are both parties in the North Dakota case, Club Vista Holdings, Inc. is not. Accordingly, the first to file rule does not apply.

**IV.     Venue Will Not Be Transferred to Minnesota or North Dakota.**

Even where venue is proper, a court may transfer a civil action to another district "for the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.* 211 F.3d 495, 498 (9th Cir. 2000). In *Jones*, the Ninth Circuit provided the following list of non-exclusive factors that a district court should consider:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiffs choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*Id.* at 498–99. Maslon has the burden of demonstrating that transfer is appropriate. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–256 (1981) (holding that the moving party has the burden of proving that the convenience to the parties and witnesses and the interest of justice weighs heavily in favor of the transfer).

**A.     Location Where the Agreements were Negotiated and Executed**

The parties do not dispute that Maslon physically prepared the underlying transactions in Minnesota. However, the documents were signed, and recorded in Arizona. This factor, therefore, does not weigh heavily in either party's favor.

## B. The State That is Most Familiar with the Governing Law

A court sitting in diversity applies the choice of law rules of the forum state. *Lange v. Penn Mut. Life Ins. Co.,* 843 F.2d 1175, 1178 (9th Cir. 1988). Arizona has adopted the principles in the Restatement (Second of Conflict of Laws § 145) to determine the applicable law for multi-state torts. *Bates v. Superior Court,* 156 Ariz. 46, 48–49, 749 P. 2d 1367, 1370–71(1988). "Section 145 provides that courts are to resolve tort issues under the law of the state having the most significant relationship to both the occurrence and the parties with respect to any particular question." *Id.* The underlying claim in this case involves the preparation of documents for an Arizona loan transaction secured by Arizona real estate and guaranteed by Arizona residents. This factor, therefore, weighs in favor of keeping the case in Arizona.

## C. The Plaintiff's Choice of Forum

Next, there is generally "a strong presumption in favor of the plaintiff's choice of forum." *Norex Petroleum, Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 154 (2d Cir. 2005). "[U]nless the balance is strongly in the favor of the defendant, the plaintiff[s'] choice of forum should rarely be disturbed." *Id.* at 154. The weight afforded to this factor, however, is substantially reduced when the plaintiff does not reside in the venue. *Williams v. Bowman,* 157 F. Supp.2d 1103, 1106 (N.D. Cal. 2001). Because Club Vista does not reside in Arizona, this factor only weighs slightly in its favor.

## D. The Respective Parties' Contacts with the Forum & the Contacts Relating to the Plaintiffs' Cause of Action in the Forum

Arizona has little connection to the parties. None of the parties are residents of Arizona. Plaintiffs are both Nevada companies, and Maslon is a Minnesota partnership. It is safe to assume that the majority of injury Club Vista suffered would have been suffered in its home state of Nevada. The only contact the parties have with Arizona is through the cause of action, the Arizona real estate from which the malpractice and negligence of the defendants stems. Accordingly, this factor does not weigh in favor of, or against, transfer.

### E. Contacts relating to the plaintiff's cause of action in the chosen forum

Substantial events giving rise to Plaintiff's claim occurred in Arizona. The crux of the complaint is that Maslon failed to have Arizona guarantors properly sign guarantees for real property in Arizona. Accordingly, this factor weighs heavily in favor of jurisdiction in Arizona.

### F. Differences in Cost

Maslon does not present any facts indicating that there will be a substantial increase in costs if this case is tried in Arizona rather than some other forum. This factor, therefore, does not weigh in favor of transfer.

### G. Availability of Compulsory Process

Likewise, Maslon does not present any facts indicating that there are non-parties that will not be subject to compulsory process in Arizona. This factor, therefore, does not weigh in favor of transfer.

### H. The Ease of Access to Sources of Proof

"To demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance." *Williams,* 157 F. Supp.2d at 1108. Plaintiffs contend that the location of witnesses, including the four personal guarantors, should be a compelling factor in maintaining the suit in Arizona. Maslon, on the other hand, contends that there are many witnesses located in Minnesota, and other documents and sources of proof are located within that forum. But, to the extent that relevant sources of proof are located in Minnesota, Maslon has not adequately identified relevant witnesses, or described their testimony. Therefore, while it appears that relevant sources of proof are located in both Arizona and Minnesota, Maslon's failure to identify its witnesses requires the Court to weigh this factor in favor of litigating this action in Arizona.

### I. Summary of Factors

Maslon has not met its burden of proving that any of the relevant Ninth Circuit factors weigh in favor of transferring this case to North Dakota or Minnesota. *See Jones*, 211 F.3d at 498. While litigation in Arizona may be somewhat burdensome to Maslon, this fact alone

does not weigh *heavily* in favor of transfer. *See Piper Aircraft Co.* 454 U.S. at 255–256. Considering the facts as a whole, as briefed by the parties, the relevant factors weigh in favor of litigating this case in the District of Arizona.

**CONCLUSION**

The Court finds that Plaintiffs have met their burden of presenting prima facie evidence that jurisdiction over Maslon exists. Maslon is subject to personal jurisdiction in Arizona based on its practice of law involving Arizona transactions. Venue is appropriate in Arizona, and Maslon's motion to transfer venue is denied.

**IT IS THEREFORE ORDERED:**

(1) Defendant Maslon's Motion to Dismiss for lack of personal jurisdiction and venue (Dkt # 13) is **DENIED**;

(2) Defendant's Motion Transfer Venue to the District of North Dakota (Dkt. # 13) is **DENIED.**

DATED this 2nd day of June, 2010.

G. Murray Snow
United States District Judge